Brinkerhoff, J.
By an act of the general assembly, passed March 12, 1852, entitled “ an act to create a court of criminal jurisdiction in Hamilton county,” the criminal court of Hamilton county was established; the same to consist of a single judge to be elected by the electors of that county, and whose term of office should be five years.
The relator was duly elected and commissioned as such judge for the term of five years from the second Monday of February, 1852.
On the first day of May, 1854, the general assembly passed an act, to take effect from and after the first day of January following, repealing the aforementioned act, and transferring the business of the said criminal court to the court of common pleas of Hamilton county.
The court and the office being thus abolished by the repeal of the act creating them, and the business pending in that court *being transferred elsewhere, prior to the expiration of the time for which he was elected and commissioned, the relator claims that the repealing act in so far as it attempted to abolish his office prior to the expiration of the time for which he was elected and *301 commissioned, is contrary to the constitution of the state, and therefore inoperative; that his office continued in being notwithstanding the repealing act; and he now seeks, by this motion, to compel the auditor of state to issue his warrant on the treasurer of state for his salary accruing subsequently to the time fixed for the taking effect of the repealing act.
That the general assembly has full power to control, modify, and abolish the courts and judicial offices of the state, except so far as its powers in this respect are restrained and limited by the provisions of the constitution, will be conceded. And the inquiry before us, therefore, is, whether there is, in the constitution, any limitation, either express or implied, upon the general power of the legislature over courts and their judges created by its authority ?
The only provision of the constitution to which we are cited by counsel for the relator, as bearing on this question, is the fifteenth section of the fourth article, which is as follows:
“ The general assembly may increase or diminish the number of the judges of the Supreme Court, the number of the districts of the court of common pleas, the number of judges in any district, change the districts, or the subdivisons thereof, or establish^other courts, whenever two-thirds of the members elected to each house shall concur therein; but no such change, addition, or diminution, shall vacate the office of any judge.”
It is superfluous to say, that the Supreme Court, the district courts, and the courts of common pleas, and also the common pleas districts and the number of judges in each, were, in the first instance, established by the constitution itself. They exist independently of the general assembly. They may be to some extent modified, but can not be abolished by it. And the last clause of the section above quoted clearly prohibits, as to them, any such legislative interference as shall result in vacating the office of any judge of those courts.
*The relator, however, contends that the saving clause at the end of this section applies as well to courts and judges established and created by legislative authority, as to those which subsist independently of that authority. But we do not think so.
“But no such change, addition, or diminution, shall vacate the office of any judge.”- The word “ such,” in connection with the words “ change, addition, or diminution,” directly refers us to certain changes, additions, and diminutions before mentioned and pro *302 vided for. What are they? Clearly “the number of the judges ■of the Supreme Court, the number of the districts of the court of -common pleas, the number of judges of any district,” the districts themselves, “ or the subdivisions thereof.” The changes, additions, and diminutions mentioned in the preceding part of the section, ■evidently have no reference whatever to the “ other courts ” which the general assembly may “ establish,” “ whenever two-thirds of the members elected to each house shall concur therein.”
The constitution has in terms forbidden the general assembly to vacate the office of a judge of a court established by the constitution, but has not in terms placed any limit upon the powers of that body over the office of judges of courts established by itself. As to the latter, we can see no good reason to conclude otherwise than that the framers of the constitution intended to leave the power to .abolish, as ample and unlimited as the power to create.
It is furthermore alleged in argument that the repealing act ■before referred to, was passed in the general assembly by a less number of affirmative votes than two-thirds of each house; and it is contended, that as a two-thirds vote was requisite to establish •the criminal court of Hamilton county, a like vote ought to be ¡required to abolish it by a repeal of the law creating it.
How the fact may be, we do not know, nor do we think worth while to inquire, for it is a sufficient answer to this claim to say — the -constitution has not so ordained. The general provision of the ■constitution is, that a concurrence of, a majority of the members elected to each house shall be sufficient for the enactment and the repeal of laws. The cases where it is otherwise provided *in the constitution, are exceptional in their character, and ought not, we think, to be extended by construction. Moreover, it is not difficult to conceive of very good reasons why the constitution should require a vote of two-thirds for the passage of an act establishing a new court, increasing the number of public functionaries, and possibly'adding thereby to the public burdens, while the repeal of ■such act might be safely confided to the discretion of a simple majority.

Motion overruled.

Bartley, C. J., and Swan, Bowen, and Scott, JJ., concurred.